

# NUMBER 13-25-00390-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JIMIE OWSLEY

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion by Chief Justice Tijerina[1]**

Relator Jimie Owsley, proceeding pro se, filed an amended petition for writ of mandamus asserting that the trial court: (1) abused its discretion by issuing temporary orders changing the exclusive right to designate the minor child's residence without a pleading or proof of present danger; (2) disregarded the provisions of the Texas Family Code by modifying a final order without evidence or findings of a material and substantial

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

change in circumstances; and (3) violated the Texas Family Code by changing a conservatorship determination over relator's timely jury demand. *See* TEX. FAM. CODE ANN. §§ 105.002, 156.006(b), 156.101.

"Mandamus relief is an extraordinary remedy available only on a showing that (1) the trial court clearly abused its discretion and (2) the party seeking relief lacks an adequate remedy on appeal." *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *see In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d 170, 174 (Tex. 2023) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840. Because a trial court's temporary orders are not appealable, mandamus is an appropriate vehicle for review. *See In re Derzapf*, 219 S.W.3d 327, 334–35 (Tex. 2007) (orig. proceeding) (per curiam); *In re K.B.*, 683 S.W.3d 850, 855 (Tex. App.—Austin 2024, orig. proceeding); *In re D.D.*, 661 S.W.3d 608, 617 (Tex. App.—El Paso 2023, orig. proceeding); *In re Walser*, 648 S.W.3d 442, 445 (Tex. App.—San Antonio 2021, orig. proceeding).

The Court, having examined and fully considered the amended petition for writ of mandamus, the responses filed by real parties in interest Brian Leon Owsley and amicus attorney Helen O. Delgadillo, relator's reply, the limited record provided, and the applicable law, is of the opinion that relator has not met her burden to obtain mandamus relief. Accordingly, we deny relator's emergency motion seeking to stay the temporary

2

orders at issue, which we had previously ordered to be carried with the case, and we deny the petition for writ of mandamus.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
12th day of August, 2025.